# United States District Court
### EASTERN DISTRICT OF TEXAS
### SHERMAN DIVISION

| | |
|---|---|
| VILLA RX CONSULTING, LLC, § <br> § <br> *Plaintiff,* § <br> § <br> v. § <br> § <br> PRODIGY HEALTH, LLC, § <br> JONATHAN HOUSSIAN, CAPRICE § <br> CAPITAL PARTNERS, LLC, JOE LI, § <br> and JOHN DOES 1–10, § <br> § <br> *Defendants.* § | Civil Action No. 4:24-cv-751 <br> Judge Mazzant |

## **MEMORANDUM OPINION AND ORDER**

Pending before the Court is Separate Defendant Caprice Capital Partners, LLC's Motion to Dismiss and Incorporated Brief in Support (Dkt. #11). Having considered the Motion and the relevant pleadings, the Court finds that the Motion should be **DENIED**.

### BACKGROUND

This is a securities fraud case. Plaintiff asserts claims against Defendants for violations of the Texas Securities Act, common law fraud, fraudulent inducement, statutory fraud under the Texas Business and Commerce Code, and liability under the Racketeer Influenced and Corrupt Organizations Act (Dkt. #1 at pp. 10–21). The issue before the Court is whether it should extend Plaintiff's deadline to effect proper service on Defendant Caprice Capital Partners.

Plaintiff was represented by counsel when it filed its Complaint but sought additional legal representation shortly thereafter, citing the complexity of the dispute and need for litigation support (Dkt. #13 at pp. 2–3). Plaintiff's initial counsel attempted to coordinate informal service by contacting attorneys who had previously represented certain Defendants, but those efforts were unsuccessful (Dkt. #13 at p. 2). On November 22, 2024, Plaintiff retained additional counsel, who

then initiated formal service (Dkt. #13 at p. 3). Defendant Caprice Capital Partners was eventually served on January 7, 2025—one hundred and forty-one days after Plaintiff filed the Complaint (Dkt. #11 at p. 2). Plaintiff filed proof of service as to Defendant Caprice Capital Partners on January 15, 2025 (*See* Dkt. #8). Plaintiff now argues that it has served all Defendants, that the delay was not intentional, and that the Court should retroactively extend the Rule 4(m) deadline to avoid potential statute-of-limitations issues (Dkt. #17 at p. 2).

On January 27, 2025, Defendant Caprice Capital Partners filed the instant Motion to Dismiss under Rule 12(b)(5) (Dkt. #11), arguing that Plaintiff failed to serve process within the 90-day deadline prescribed by Rule 4(m) and has not shown good cause for the delay (Dkt. #11 at pp. 3–4). On February 10, 2025, Plaintiff filed its Response, maintaining that good cause existed to extend the time for service (Dkt. #17 at p. 2). On February 12, 2025, Defendant Caprice Capital Partners filed its Reply, insisting that Plaintiff has no justification for the prolonged delay in obtaining summonses or completing service because it did not timely seek an extension, even while being continuously represented by counsel (Dkt. #19 at pp. 1–3). The Motion is now ripe.

## LEGAL STANDARD

Federal Rule of Civil Procedure 12(b)(5) provides that a party may file a motion to dismiss for insufficient service of process. A district court has "broad discretion to dismiss an action for ineffective service of process." *Kreimerman v. Casa Veerkamp*, S.A. de C.V., 22 F.3d 634, 645 (5th Cir. 1994). "Federal Rule 4(m) permits dismissal of a suit if the plaintiff fails to serve a defendant within [ninety] days of filing, but provides that 'if the plaintiff shows good cause for the failure, the court shall extend the time for service for an appropriate period.'" FED. R. CIV. P. 4(m); *Gartin v. Par Pharm. Cos., Inc.*, 289 F. App'x 688, 692 (5th Cir. 2008). "[G]ood cause under Rule 4(m)

requires 'at least as much as would be required to show excusable neglect, as to which simple inadvertence or mistake of counsel or ignorance of the rules usually does not suffice.'" *Gartin*, 289 F. App'x at 692 (citing *Lambert v. United States*, 44 F.3d 296, 299 (5th Cir. 1995)).

## ANALYSIS

The issue before the Court is whether it should extend the Plaintiff's deadline for service. At the outset, the Court must note that Plaintiff indisputably missed the 90-day deadline prescribed by the Federal Rules, rendering its service defective (*See* Dkt. #4; Dkt. #8; Dkt. #11 at p. 3) (indicating that Plaintiff missed the deadline by fifty-one days). *See* FED. R. CIV. P. 4(m). Plaintiff's service was plainly improper; the question, then, is whether that warrants dismissal. It does not.

Under the Federal Rules, if a plaintiff does not effect proper service within ninety days of filing the complaint, the Court may either dismiss the action without prejudice or allow additional time for service. *See* FED. R. CIV. P. 4(m); *see also Schopp v. Results Nat'l LLC*, No. 4:16-CV-00890-ALM-KPJ, 2017 WL 6030081, at *3 (E.D. Tex. Nov. 15, 2017). Upon a showing of good cause for improper service, however, the Court *must* extend the time for service. FED. R. CIV. P. 4(m) (emphasis added); *see also Lahman v. Nationwide Provider Sols.*, No. 4:17-CV-00305, 2017 WL 4169000, at *3 (E.D. Tex. Sept. 20, 2017). Good cause requires more than inadvertence, mistake of counsel, or ignorance of the rules. *Lahman*, 2017 WL 4169000, at *3; *see Sys. Signs Supplies v. U.S. Dep't of Justice*, 903 F.2d 1011, 1013 (5th Cir. 1990). A plaintiff must show excusable neglect, as well as establish good faith and a reasonable basis for not serving the summons and complaint within the time allowed by the rules. *Sign Supplies*, 903 F.2d at 1013. Even if a plaintiff lacks good cause, however, the Court has discretion to extend the time for service. *Millan v. USAA Gen. Indem. Co.*, 546 F.3d 321, 325 (5th Cir. 2008).

Here, the Court finds that good cause existed for Plaintiff's failure to serve Defendant Caprice Capital Partners within the 90-day deadline. As outlined in Plaintiff's Response, the delay did not result from intentional neglect or strategic gamesmanship (*See* Dkt. #17 at p. 8). Instead, it stemmed from attempts to retain additional counsel and efforts to coordinate informal service so as to avoid unnecessary cost (Dkt. #17 at pp. 4–6). After retaining new counsel on November 22, 2024, Plaintiff promptly initiated formal service and ultimately served Defendant Caprice Capital Partners on January 7, 2025 (Dkt. #17 at pp. 3, 7). In the Court's view, this constitutes excusable neglect. *Sign Supplies*, 903 F.2d at 1013.

The Court further finds that Defendant Caprice Capital Partners has not shown any prejudice resulting from the delay. Despite Plaintiff's delay, Defendant Caprice Capital Partners was eventually served and given the opportunity to respond (*See* Dkt. #4). There is no indication that the timing of service impaired Defendant Caprice Capital Partners' ability to defend itself against the claims, or that late service affected the case's development (Dkt. #17 at pp. 8–9). Recognizing that the Court has discretion to extend the service deadline, particularly if the defective service causes no prejudice, the Court will not allow a procedural foot fault to derail this case (*See* Dkt. #17 at pp. 8–9). *See Dotson v. Tunica-Biloxi Gaming Comm'n*, 835 F. App'x 710, 713 (5th Cir. 2020) (citing *Thrasher v. City of Amarillo*, 709 F.3d 509, 511 (5th Cir. 2013)). Accordingly, the Court finds that the Defendant Caprice Capital Partners' Motion to dismiss should be **DENIED**. The time for effecting proper service of process upon Defendant Caprice Capital Partners is hereby extended to January 7, 2025. Therefore, Plaintiff's service is timely.

## CONCLUSION

It is therefore **ORDERED** that Separate Defendant Caprice Capital Partners, LLC's Motion to Dismiss and Incorporated Brief in Support (Dkt. #11) is hereby **DENIED**.

It is further **ORDERED** that the deadline to serve Defendant Caprice Capital Partners is hereby extended to January 7, 2025.

**IT IS SO ORDERED.**

**SIGNED** this 1st day of July, 2025.

_____
AMOS L. MAZZANT
UNITED STATES DISTRICT JUDGE