# United States District Court
### EASTERN DISTRICT OF TEXAS
### SHERMAN DIVISION

| | |
|---|---|
| VILLA RX CONSULTING, LLC, § <br> § <br> *Plaintiff,* § <br> § <br> v. § <br> § <br> PRODIGY HEALTH, LLC, § <br> JONATHAN HOUSSIAN, CAPRICE § <br> CAPITAL PARTNERS, LLC, JOE LI, § <br> and JOHN DOES 1–10, § <br> § <br> *Defendants.* § | Civil Action No. 4:24-cv-751 <br> Judge Mazzant |

## MEMORANDUM OPINION AND ORDER

Pending before the Court is Separate Defendant Joe Li's Motion to Dismiss and Incorporated Brief in Support (Dkt. #20). Having considered the Motion and the relevant pleadings, the Court finds that the Motion should be **DENIED**.

### BACKGROUND

This is a securities fraud case. Plaintiff asserts claims against Defendants for violations of the Texas Securities Act, common law fraud, fraudulent inducement, statutory fraud under the Texas Business and Commerce Code, and liability under the Racketeer Influenced and Corrupt Organizations Act (Dkt. #1 at pp. 10–21). The issue before the Court is whether it should extend Plaintiff's deadline to effect proper service on Defendant Li.[1]

Plaintiff was represented by counsel when it filed its Complaint but sought additional legal representation shortly thereafter, citing the complexity of the dispute and need for litigation

---

[1] Defendant Li points out that Plaintiff did not strictly adhere to the Local Rules when it simultaneously responded to Defendant Li's Motion and moved for an extension of time (Dkt. #20 at p. 1 n.1; Dkt. #13). *See* LOCAL RULE CV-7. As Defendant Li requested, the Court will nonetheless jointly consider Defendant Li's Motion to Dismiss and his Response to Plaintiff's Motion to Extend Time for Service (*See* Dkt. #13).

support (Dkt. #23 at pp. 2–3). Plaintiff's initial counsel attempted to coordinate informal service by contacting attorneys who had previously represented certain Defendants, but those efforts were unsuccessful (Dkt. #23 at p. 2). On November 22, 2024, Plaintiff retained additional counsel, who then initiated formal service (Dkt. #23 at p. 3). Defendant Li was eventually served on January 27, 2025—one hundred and sixty-one days after Plaintiff filed the Complaint (Dkt. #23 at p. 3; Dkt. #1). Plaintiff filed proof of service as to Defendant Li on February 3, 2025 (*See* Dkt. #15; Dkt. #20 at p. 3). Plaintiff now argues that it has served Defendant Li, that the delay was not intentional, and that the Court should retroactively extend the Rule 4(m) deadline to avoid potential statute-of-limitations issues (Dkt. #23 at pp. 2–4).

On February 12, 2025, Defendant Li filed the instant Motion to Dismiss under Rule 12(b)(5) (Dkt. #20), arguing that Plaintiff failed to serve process within the 90-day deadline prescribed by Rule 4(m) and has not shown good cause for the delay (Dkt. #20 at pp. 1–3). On February 26, 2025, Plaintiff filed its Response, maintaining that good cause existed to extend the time for service (Dkt. #23 at p. 2). On February 26, 2025, Defendant Li filed his Reply, insisting that Plaintiff has no justification for the prolonged delay in obtaining a summons or completing service because it did not timely seek an extension, even while being continuously represented by counsel (Dkt. #26 at pp. 1–4). The Motion is now ripe for adjudication.

## LEGAL STANDARD

Federal Rule of Civil Procedure 12(b)(5) provides that a party may file a motion to dismiss for insufficient service of process. A district court has "broad discretion to dismiss an action for ineffective service of process." *Kreimerman v. Casa Veerkamp*, S.A. de C.V., 22 F.3d 634, 645 (5th Cir. 1994). "Federal Rule 4(m) permits dismissal of a suit if the plaintiff fails to serve a defendant

within [ninety] days of filing, but provides that 'if the plaintiff shows good cause for the failure, the court shall extend the time for service for an appropriate period.'" FED. R. CIV. P. 4(m); *Gartin v. Par Pharm. Cos., Inc.*, 289 F. App'x 688, 692 (5th Cir. 2008). "[G]ood cause under Rule 4(m) requires 'at least as much as would be required to show excusable neglect, as to which simple inadvertence or mistake of counsel or ignorance of the rules usually does not suffice.'" *Gartin*, 289 F. App'x at 692 (citing *Lambert v. United States*, 44 F.3d 296, 299 (5th Cir. 1995)).

## ANALYSIS

The issue before the Court is whether it should extend the Plaintiff's deadline for service. At the outset, the Court must note that Plaintiff indisputably missed the 90-day deadline prescribed by the Federal Rules, rendering its service defective (*See* Dkt. #15) (indicating that Plaintiff missed the deadline by seventy-one days). *See* FED. R. CIV. P. 4(m). Plaintiff's service was plainly improper; the question, then, is whether that warrants dismissal. It does not.

Under the Federal Rules, if a plaintiff does not effect proper service within ninety days of filing the complaint, the Court may either dismiss the action without prejudice or allow additional time for service. *See* FED. R. CIV. P. 4(m); *see also Schopp v. Results Nat'l LLC*, No. 4:16-CV-00890-ALM-KPJ, 2017 WL 6030081, at *3 (E.D. Tex. Nov. 15, 2017). Upon a showing of good cause for improper service, however, the Court *must* extend the time for service. FED. R. CIV. P. 4(m) (emphasis added); *see also Lahman v. Nationwide Provider Sols.*, No. 4:17-CV-00305, 2017 WL 4169000, at *3 (E.D. Tex. Sept. 20, 2017). Good cause requires more than inadvertence, mistake of counsel, or ignorance of the rules. *Lahman*, 2017 WL 4169000, at *3; *see Sys. Signs Supplies v. U.S. Dep't of Justice*, 903 F.2d 1011, 1013 (5th Cir. 1990). A plaintiff must show excusable neglect, as well as establish good faith and a reasonable basis for not serving the summons and complaint

3

within the time allowed by the rules. *Sign Supplies*, 903 F.2d at 1013. Even if a plaintiff lacks good cause, however, the Court has discretion to extend the time for service. *Millan v. USAA Gen. Indem. Co.*, 546 F.3d 321, 325 (5th Cir. 2008).

    Here, the Court finds that good cause existed for Plaintiff's failure to serve Defendant Li within the 90-day deadline. As outlined in Plaintiff's Response, the delay did not result from intentional neglect or strategic gamesmanship (*See* Dkt. #23 at p. 8). Instead, it stemmed from attempts to retain additional counsel, efforts to coordinate informal service so as to avoid unnecessary cost, and an unpredictable and uncontrollable wildfire (Dkt. #23 at pp. 2–6) ("Process servers delayed service attempts, given the wildfires, until they could do so safely . . . ."). After retaining new counsel on November 22, 2024, Plaintiff promptly initiated formal service and ultimately served Defendant Li on January 27, 2025 (Dkt. #23 at pp. 3, 7; *see* Dkt. #15). In the Court's view, this constitutes excusable neglect. *Sign Supplies*, 903 F.2d at 1013.

    The Court further finds that Defendant Li has not shown any prejudice resulting from the delay. Despite Plaintiff's delay, Defendant Li was eventually served and given the opportunity to respond (*See* Dkt. #15). There is no indication that the timing of service impaired Defendant Li's ability to defend himself against the claims, or that late service affected the case's development (Dkt. #23 at pp. 8–10). Recognizing that the Court has discretion to extend the service deadline, particularly if the defective service causes no prejudice, the Court will not allow a procedural foot fault to derail this case (*See* Dkt. #23 at pp. 8–10). *See Dotson v. Tunica-Biloxi Gaming Comm'n*, 835 F. App'x 710, 713 (5th Cir. 2020) (citing *Thrasher v. City of Amarillo*, 709 F.3d 509, 511 (5th Cir. 2013)). Accordingly, the Court finds that the Defendant Li's Motion to dismiss should be

**DENIED**. The time for effecting proper service of process upon Defendant Li is hereby extended to January 27, 2025. Therefore, Plaintiff's service is proper.

## CONCLUSION

It is therefore **ORDERED** that Separate Defendant Joe Li's Motion to Dismiss and Incorporated Brief in Support (Dkt. #20) is hereby **DENIED**.

It is further **ORDERED** that the deadline to serve Defendant Li is hereby extended to January 27, 2025.

**IT IS SO ORDERED.**

**SIGNED** this 1st day of July, 2025.

_____
AMOS L. MAZZANT
UNITED STATES DISTRICT JUDGE